UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE MONTGOMERY,<br><br>            Plaintiff,<br><br>    v.<br><br>MADERA DEPT. OF CORRECTIONS, et al.,<br><br>            Defendants. | No.  1:23-cv-00919-SAB (PC)<br><br>SECOND SCREENING ORDER GRANTING PLAINTIFF ONE FINAL OPPORTUNITY TO AMEND THE COMPLAINT<br><br>(ECF No. 9) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 9, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in her complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff brings suit against the Madera Department of Corrections and correctional officers. Plaintiff is currently incarcerated at Central California Women's Facility in Chowchilla.

It is not clear from the allegations in the first amended complaint whether Plaintiff was a pretrial detainee, or a convicted inmate housed at the Madera County jail at the time of the incident.

At 2:30 a.m., after Plaintiff filed a lawsuit against the Madera Department of Corrections, a male officer ordered Plaintiff out of bed while she was partly unclothed and a women officer did not intervene. The other male officer had hit boots on Plaintiff's bunk as he searched Plaintiff's cell which included opening Plaintiff's legal mail.

///

## III.

## DISCUSSION

### A.   Opening of Legal Property

Inmates have a right under the First and Sixth Amendments to have their properly marked legal mail opened in their presence, and prison officials may not read their legal mail. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017) (concluding that First Amendment protected right of prisoner to have legal mail opened in his presence); Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017) (concluding that pretrial detainee had a Sixth Amendment right to privately confer with counsel and not have legal mail opened outside his presence); Nordstrom v. Ryan, 762 F.3d 903, 910-11 (9th Cir. 2014) (concluding that the Constitution prohibits reading ongoing attorney-client correspondence). The rationale for these protections is that permitting prison officials to inspect legal mail outside an inmate's presence could chill attorney-client communications. See Nordstrom, 762 F.3d at 910 ("It takes no stretch of imagination to see how an inmate would be reluctant to confide in his lawyer about the facts of the crime, perhaps other crimes, possible plea bargains, and the intimate details of his own life and his family members' lives, if he knows that a guard is going to be privy to them, too.").

To prove a violation regarding legal mail, a plaintiff must "clarify who sent the mail or whether it was properly marked as 'legal mail.' " Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). The Ninth Circuit has not provided a definitive answer as to how legal mail must be labeled to be "properly marked" and has declined to "decide whether mail clearly sent from a lawyer to an inmate but lacking the "Legal Mail" designation may be opened outside the presence of the inmate." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Evans v. Gower, No. 2:17-CV-01162-MK, 2022 WL 3226968, at *8 (D. Or. Aug. 10, 2022) ("Since Hayes, the Ninth Circuit has left open the question of what exactly constitutes "properly marked" legal mail.").

Additionally, a plaintiff must show that the opening of the mail was due to more than negligence to state a constitutional violation. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) ("Stevenson has not shown, based on this record, that Koskey's conduct concerning plaintiff's

1    mail rose beyond the level of mere negligence."). However, [t]he absence of a clear pattern beyond
2    [a couple] incidents does not preclude relief" because "even isolated incidents of improper mail
3    opening may, in appropriate circumstances, be sufficient to allege a [constitutional] violation."
4    Mangiaracina, 849 F.3d at 1197. Notably, "[t]wo or three pieces of mail opened in an arbitrary or
5    capricious way suffice to state a claim." Hayes, 849 F.3d at 1211 (quoting Merriweather v. Zamora,
6    569 F.3d 307, 317 (6th Cir. 2009)).

7    Plaintiff contends that one of the officers tossed her things around disrespectfully and took
8    her legal property out of the envelopes.  Plaintiff's allegations are too conclusory to determine
9    whether she states a cognizable claim for relief.  Plaintiff fails to allege who sent legal mail to her,
10   the contents of the legal mail, or whether it was properly marked as legal mail.  In addition, there
11   are no allegations that any properly labeled "legal mail" was opened outside of Plaintiff's presence.
12   Accordingly, Plaintiff will be granted one final opportunity to amend the complaint, if she believes
13   she can do so in good faith.

14   **B.    Retaliation**

15   The First Amendment protects prisoners' rights to file prison grievances. Bruce v. Ylst, 351
16   F.3d 1283, 1288 (9th Cir. 2003). As such, any action taken in retaliation for filing a prison grievance
17   violates inmates' constitutional rights. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). There
18   are five elements to a First Amendment claim in the prison context: "(1) [a]n assertion that a state
19   actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,
20   and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the
21   action did not reasonably advance a legitimate correctional goal." Id. at 567–68.

22   Adverse actions include threats of discipline, transfer, or harm and do not need to be an
23   independent constitutional violation. Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009).
24   Moreover, " 'a retaliation claim may assert an injury no more tangible than a chilling effect on First
25   Amendment rights.' " Id. at 1269–70 (citing Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001)).
26   "[T]iming can properly be considered as circumstantial evidence of retaliatory intent." Pratt v.
27   Rowland, 65 F.3d 802, 808 (9th Cir. 1995).

28   ///

As for the fifth element of the test, "the prisoner plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." Bruce, 351 F.3d at 1289 (internal quotations and citations omitted).

Here, Plaintiff simply states that her cell was searched after she filed a lawsuit against the Madera Department of Corrections.  However, Plaintiff fails to set forth factual details to allow this Court to conclude that the adverse action by the facility was taken "because of ... the prisoner's protected conduct ...." Rhodes, 408 F.3d at 567; Cf. Bruce, 351 F.3d at 1288.  Plaintiff must provide more information regarding why she believes the search of her cell was in retaliation for filing a lawsuit.  Plaintiff must show that Defendant intended to take the adverse action out of "retaliatory animus" to "silence and to punish" the inmate, as opposed to for some other reason. Shephard v. Quillen, 840 F.3d at 686, 689-91 (9th Cir. 2016). Evidence probative of retaliatory animus includes proximity in time between the protected speech and the alleged adverse action, prison official's expressed opposition to the speech, and prison official's proffered reason for the adverse action was false or pretextual. Id. at 690. Mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Accordingly, Plaintiff fails to state a cognizable retaliation claim, and the Court will grant Plaintiff one final opportunity to further amend the complaint, if she believes she can do so in good faith.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and the Court will grant him one final opportunity amend complaint to cure the deficiencies identified in this order, if she believes she can do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her second amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ").

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;
3. Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **September 28, 2023**

UNITED STATES MAGISTRATE JUDGE