1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   PAULINE MONTGOMERY,                    No. 1:23-cv-00919-SAB (PC)

12                  Plaintiff,              ORDER DIRECTING CLERK OF COURT TO
                                            RANDOMLY ASSIGN A DISTRICT JUDGE
13        v.                                TO THIS ACTION

14   MADERA DEPT. OF CORRECTIONS, et        FINDINGS AND RECOMMENDATION
     al.,                                   RECOMMENDING DISMISSAL OF ACTION
15
                  Defendants.               (ECF No. 11)
16

17

18        Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant

19   to 42 U.S.C. § 1983.

20        Plaintiff's complaint in this action was filed on June 20, 2023.  (ECF No. 1.)

21        On September 28, 2023, the Court screened the complaint, found that Plaintiff failed to

22   state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.

23   (ECF No. 10.)

24        Plaintiff failed to file an amended complaint or otherwise respond to the September 28,

25   2023 order.  Therefore, on November 7, 2023, the Court issued an order for Plaintiff to show

26   cause why the action should not be dismissed.  (ECF No. 11.)  Plaintiff has failed to respond to

27   the order to show cause and the time to do so has now passed.  Accordingly, dismissal of the

28   action is warranted.

                                               1

1

**I.**

2

**SCREENING REQUIREMENT**

3          The Court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

7    monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B);

8    see also 28 U.S.C. § 1915A(b).

9          A complaint must contain "a short and plain statement of the claim showing that the pleader

10   is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

12   do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

13   550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally

14   participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

15   2002).

16         Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

17   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

18   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

19   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that

20   each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S.

21   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted

22   unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls

23   short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

24

**II.**

25

**SUMMARY OF ALLEGATIONS**

26         The Court accepts Plaintiff's allegations in her complaint as true *only* for the purpose of the

27   screening requirement under 28 U.S.C. § 1915.

28         Plaintiff brings suit against the Madera Department of Corrections and correctional officers.

Plaintiff is currently incarcerated at Central California Women's Facility in Chowchilla.

It is not clear from the allegations in the first amended complaint whether Plaintiff was a pretrial detainee, or a convicted inmate housed at the Madera County jail at the time of the incident.

At 2:30 a.m., after Plaintiff filed a lawsuit against the Madera Department of Corrections, a male officer ordered Plaintiff out of bed while she was partly unclothed and a women officer did not intervene.  The other male officer had hit boots on Plaintiff's bunk as he searched Plaintiff's cell which included opening Plaintiff's legal mail.

**III.**

**DISCUSSION**

**A.     Opening of Legal Property**

Inmates have a right under the First and Sixth Amendments to have their properly marked legal mail opened in their presence, and prison officials may not read their legal mail. Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017) (concluding that First Amendment protected right of prisoner to have legal mail opened in his presence); Mangiaracina v. Penzone, 849 F.3d 1191, 1196 (9th Cir. 2017) (concluding that pretrial detainee had a Sixth Amendment right to privately confer with counsel and not have legal mail opened outside his presence); Nordstrom v. Ryan, 762 F.3d 903, 910-11 (9th Cir. 2014) (concluding that the Constitution prohibits reading ongoing attorney-client correspondence). The rationale for these protections is that permitting prison officials to inspect legal mail outside an inmate's presence could chill attorney-client communications. See Nordstrom, 762 F.3d at 910 ("It takes no stretch of imagination to see how an inmate would be reluctant to confide in his lawyer about the facts of the crime, perhaps other crimes, possible plea bargains, and the intimate details of his own life and his family members' lives, if he knows that a guard is going to be privy to them, too.").

To prove a violation regarding legal mail, a plaintiff must "clarify who sent the mail or whether it was properly marked as 'legal mail.' " Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). The Ninth Circuit has not provided a definitive answer as to how legal mail must be labeled to be "properly marked" and has declined to "decide whether mail clearly sent from a lawyer to an inmate but lacking the "Legal Mail" designation may be opened outside the presence of the

3

1    inmate." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g,

2    135 F.3d 1318 (9th Cir. 1998); <u>see also</u> <u>Evans v. Gower</u>, No. 2:17-CV-01162-MK, 2022 WL

3    3226968, at *8 (D. Or. Aug. 10, 2022) ("Since Hayes, the Ninth Circuit has left open the question

4    of what exactly constitutes "properly marked" legal mail.").

5          Additionally, a plaintiff must show that the opening of the mail was due to more than

6    negligence to state a constitutional violation. <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1441 (9th Cir.

7    1989) ("Stevenson has not shown, based on this record, that Koskey's conduct concerning plaintiff's

8    mail rose beyond the level of mere negligence."). However, [t]he absence of a clear pattern beyond

9    [a couple] incidents does not preclude relief" because "even isolated incidents of improper mail

10   opening may, in appropriate circumstances, be sufficient to allege a [constitutional] violation."

11   <u>Mangiaracina</u>, 849 F.3d at 1197. Notably, "[t]wo or three pieces of mail opened in an arbitrary or

12   capricious way suffice to state a claim." <u>Hayes</u>, 849 F.3d at 1211 (quoting <u>Merriweather v. Zamora</u>,

13   569 F.3d 307, 317 (6th Cir. 2009)).

14         Plaintiff contends that one of the officers tossed her things around disrespectfully and took

15   her legal property out of the envelopes. Plaintiff's allegations are too conclusory to determine

16   whether she states a cognizable claim for relief. Plaintiff fails to allege who sent legal mail to her,

17   the contents of the legal mail, or whether it was properly marked as legal mail. In addition, there

18   are no allegations that any properly labeled "legal mail" was opened outside of Plaintiff's presence.

19         **B.    Retaliation**

20         The First Amendment protects prisoners' rights to file prison grievances. <u>Bruce v. Ylst</u>, 351

21   F.3d 1283, 1288 (9th Cir. 2003). As such, any action taken in retaliation for filing a prison grievance

22   violates inmates' constitutional rights. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005). There

23   are five elements to a First Amendment claim in the prison context: "(1) [a]n assertion that a state

24   actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,

25   and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the

26   action did not reasonably advance a legitimate correctional goal." <u>Id.</u> at 567–68.

27         Adverse actions include threats of discipline, transfer, or harm and do not need to be an

28   independent constitutional violation. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1270 (9th Cir. 2009).

4

1    Moreover, " 'a retaliation claim may assert an injury no more tangible than a chilling effect on First

2    Amendment rights.' " Id. at 1269–70 (citing Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001)).

3    "[T]iming can properly be considered as circumstantial evidence of retaliatory intent." Pratt v.

4    Rowland, 65 F.3d 802, 808 (9th Cir. 1995).

5        As for the fifth element of the test, "the prisoner plaintiff bears the burden of pleading and

6    proving the absence of legitimate correctional goals for the conduct of which he complains." Bruce,

7    351 F.3d at 1289 (internal quotations and citations omitted).

8        Here, Plaintiff simply states that her cell was searched after she filed a lawsuit against the

9    Madera Department of Corrections.  However, Plaintiff fails to set forth factual details to allow this

10   Court to conclude that the adverse action by the facility was taken "because of ... the prisoner's

11   protected conduct ...." Rhodes, 408 F.3d at 567; Cf. Bruce, 351 F.3d at 1288.  Plaintiff must provide

12   more information regarding why she believes the search of her cell was in retaliation for filing a

13   lawsuit.  Plaintiff must show that Defendant intended to take the adverse action out of "retaliatory

14   animus" to "silence and to punish" the inmate, as opposed to for some other reason. Shephard v.

15   Quillen, 840 F.3d at 686, 689-91 (9th Cir. 2016). Evidence probative of retaliatory animus includes

16   proximity in time between the protected speech and the alleged adverse action, prison official's

17   expressed opposition to the speech, and prison official's proffered reason for the adverse action was

18   false or pretextual. Id. at 690.  Mere speculation that defendants acted out of retaliation is not

19   sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of

20   summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that

21   defendants' disparaging remarks were made in reference to prior lawsuit).  Accordingly, Plaintiff

22   fails to state a cognizable retaliation claim.

23                                      **IV.**

24   **FAILURE  TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**

25       Here, the Court screened Plaintiff's complaint, and on September 28, 2023, an order issued

26   providing Plaintiff with the legal standards that applied to his claims, advising him of the

27   deficiencies that needed to be corrected, and granting him leave to file an amended complaint

28   within thirty days.  (ECF No. 10.)  Plaintiff did not file an amended complaint or otherwise respond

to the Court's September 28, 2023 order.  Therefore, on November 7, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 11.)  Plaintiff failed to respond to the November 7, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was ordered to file an amended complaint

within thirty days of September 28, 2023 and has not done so.  Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition.  This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading.  Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's September 28, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 10.)  In addition, the Court's November 7, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 11.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended

7

1   complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an

2   amended and has not responded to the Court's order to show why the action should not be

3   dismissed.  In considering the factors to determine if this action should be dismissed, the Court

4   finds that this action should be dismissed for Plaintiff's failure to obey the September 28, 2023

5   and November 7, 2023 orders, failure to prosecute this action, and failure to state a cognizable

6   claim for relief.

7          Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

8   District Judge to this action.

9          Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's

10  failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim

11  for relief.

12         This Findings and Recommendation is submitted to the district judge assigned to this

13  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**

14  **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings

15  and recommendation with the Court.  Such a document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate

17  judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are

18  advised that failure to file objections within the specified time may result in the waiver of rights

19  on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan,

20  923 F.2d 1391, 1394 (9th Cir. 1991)).

21

22  IT IS SO ORDERED.

23  Dated:   __December 1, 2023__                      _____

24                                                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

8