UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULINE MONTGOMERY, | No.  1:23-cv-00919-JLT-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION |
| v. | |
| MADERA DEPT. OF CORRECTIONS, et al., | (ECF No. 20) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint in this action was filed on June 20, 2023.  (ECF No. 1.)  Plaintiff filed a first amended complaint on August 9, 2023.  (ECF No. 9.)

On September 28, 2023, the Court screened Plaintiff's first amended complaint, found no cognizable claim, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 10.)

Plaintiff failed to respond to the screening order and an order to show cause why the action should not be dismissed was issued on November 7, 2023.  (ECF No. 11.)  After Plaintiff failed to file a response, Findings and Recommendations were issued on December 1, 2023. (ECF No. 13.)  On December 15, 2023, the Court vacated the Findings and Recommendations based on Plaintiff's objections and granted Plaintiff thirty days to file a second amended

1

1 complaint.  (ECF No. 16.)  On January 16, 2024, the Court send Plaintiff a blank civil rights

2 complaint form and granted her thirty additional days to file a second amended complaint. (ECF

3 No. 18.)  Plaintiff did not file a second amended complaint.  Therefore, on February 15, 2024, the

4 Court issued another order to show cause why the action should not be dismissed.  (ECF No. 20.)

5 Plaintiff has failed to respond to the order to show cause and the time to do so has now passed.

6 Accordingly, dismissal of the action is warranted.

7 **I.**

8 **SCREENING REQUIREMENT**

9 The Court is required to screen complaints brought by prisoners seeking relief against a

10 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

13 "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

14 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

15 A complaint must contain "a short and plain statement of the claim showing that the

16 pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

17 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

18 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

19 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

20 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

21 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

22 Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

23 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

24 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

25 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

26 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

27 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

28 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

1  liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

2  at 969.

3  **II.**

4  **SUMMARY OF ALLEGATIONS**

5  The Court accepts Plaintiff's allegations in her complaint as true *only* for the purpose of

6  the screening requirement under 28 U.S.C. § 1915.

7  Plaintiff brings suit against the Madera Department of Corrections and correctional

8  officers.  Plaintiff is currently incarcerated at Central California Women's Facility in Chowchilla.

9  It is not clear from the allegations in the first amended complaint whether Plaintiff was a

10  pretrial detainee, or a convicted inmate housed at the Madera County jail at the time of the

11  incident.

12  At 2:30 a.m., after Plaintiff filed a lawsuit against the Madera Department of Corrections,

13  a male officer ordered Plaintiff out of bed while she was partly unclothed and a women officer

14  did not intervene.  The other male officer had hit boots on Plaintiff's bunk as he searched

15  Plaintiff's cell which included opening Plaintiff's legal mail.

16  **III.**

17  **DISCUSSION**

18  **A.      Opening of Legal Property**

19  Inmates have a right under the First and Sixth Amendments to have their properly marked

20  legal mail opened in their presence, and prison officials may not read their legal mail. Hayes v.

21  Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017) (concluding that First Amendment

22  protected right of prisoner to have legal mail opened in his presence); Mangiaracina v. Penzone,

23  849 F.3d 1191, 1196 (9th Cir. 2017) (concluding that pretrial detainee had a Sixth Amendment

24  right to privately confer with counsel and not have legal mail opened outside his presence);

25  Nordstrom v. Ryan, 762 F.3d 903, 910-11 (9th Cir. 2014) (concluding that the Constitution

26  prohibits reading ongoing attorney-client correspondence). The rationale for these protections is

27  that permitting prison officials to inspect legal mail outside an inmate's presence could chill

28  attorney-client communications. See Nordstrom, 762 F.3d at 910 ("It takes no stretch of

3

imagination to see how an inmate would be reluctant to confide in his lawyer about the facts of the crime, perhaps other crimes, possible plea bargains, and the intimate details of his own life and his family members' lives, if he knows that a guard is going to be privy to them, too.").

To prove a violation regarding legal mail, a plaintiff must "clarify who sent the mail or whether it was properly marked as 'legal mail.' " Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017). The Ninth Circuit has not provided a definitive answer as to how legal mail must be labeled to be "properly marked" and has declined to "decide whether mail clearly sent from a lawyer to an inmate but lacking the "Legal Mail" designation may be opened outside the presence of the inmate." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Evans v. Gower, No. 2:17-CV-01162-MK, 2022 WL 3226968, at *8 (D. Or. Aug. 10, 2022) ("Since Hayes, the Ninth Circuit has left open the question of what exactly constitutes "properly marked" legal mail.").

Additionally, a plaintiff must show that the opening of the mail was due to more than negligence to state a constitutional violation. Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) ("Stevenson has not shown, based on this record, that Koskey's conduct concerning plaintiff's mail rose beyond the level of mere negligence."). However, [t]he absence of a clear pattern beyond [a couple] incidents does not preclude relief" because "even isolated incidents of improper mail opening may, in appropriate circumstances, be sufficient to allege a [constitutional] violation." Mangiaracina, 849 F.3d at 1197. Notably, "[t]wo or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." Hayes, 849 F.3d at 1211 (quoting Merriweather v. Zamora, 569 F.3d 307, 317 (6th Cir. 2009)).

Plaintiff contends that one of the officers tossed her things around disrespectfully and took her legal property out of the envelopes.  Plaintiff's allegations are too conclusory to determine whether she states a cognizable claim for relief.  Plaintiff fails to allege who sent legal mail to her, the contents of the legal mail, or whether it was properly marked as legal mail.  In addition, there are no allegations that any properly labeled "legal mail" was opened outside of Plaintiff's presence.  Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

1      **B.**    **Retaliation**

2           The First Amendment protects prisoners' rights to file prison grievances.  <u>Bruce v. Ylst</u>,

3 351 F.3d 1283, 1288 (9th Cir. 2003). As such, any action taken in retaliation for filing a prison

4 grievance violates inmates' constitutional rights. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir.

5 2005). There are five elements to a First Amendment claim in the prison context: "(1) [a]n

6 assertion that a state actor took some adverse action against an inmate (2) because of (3) that

7 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

8 Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."

9 <u>Id.</u> at 567–68.

10          Adverse actions include threats of discipline, transfer, or harm and do not need to be an

11 independent constitutional violation. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1270 (9th Cir. 2009).

12 Moreover, " 'a retaliation claim may assert an injury no more tangible than a chilling effect on

13 First Amendment rights.' " <u>Id.</u> at 1269–70 (citing <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1127 (9th

14 Cir. 2001)). "[T]iming can properly be considered as circumstantial evidence of retaliatory

15 intent." <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th Cir. 1995).

16          As for the fifth element of the test, "the prisoner plaintiff bears the burden of pleading and

17 proving the absence of legitimate correctional goals for the conduct of which he complains."

18 <u>Bruce</u>, 351 F.3d at 1289 (internal quotations and citations omitted).

19          Here, Plaintiff simply states that her cell was searched after she filed a lawsuit against the

20 Madera Department of Corrections.  However, Plaintiff fails to set forth factual details to allow

21 this Court to conclude that the adverse action by the facility was taken "because of ... the

22 prisoner's protected conduct ...." <u>Rhodes</u>, 408 F.3d at 567; Cf. <u>Bruce</u>, 351 F.3d at 1288.  Plaintiff

23 must provide more information regarding why she believes the search of her cell was in

24 retaliation for filing a lawsuit.  Plaintiff must show that Defendant intended to take the adverse

25 action out of "retaliatory animus" to "silence and to punish" the inmate, as opposed to for some

26 other reason. <u>Shephard v. Quillen</u>, 840 F.3d at 686, 689-91 (9th Cir. 2016). Evidence probative of

27 retaliatory animus includes proximity in time between the protected speech and the alleged

28 adverse action, prison official's expressed opposition to the speech, and prison official's proffered

reason for the adverse action was false or pretextual. Id. at 690. Mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit). Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's first amended complaint, and on September 23, 2023, an order issued providing Plaintiff with the legal standards that applied to her claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 10.) On January 16, 2024, the Court granted Plaintiff thirty additional days to file a second amended complaint. (ECF No. 18.) Plaintiff did not file an amended complaint or otherwise respond to the Court's January 16, 224 order. Therefore, on February 15, 2024, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 20.) Plaintiff failed to respond to the February 15, 2024 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of January 16, 2024 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and her failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain

idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The Court's January 16, 2024, order granted Plaintiff thirty days to file a second amended complaint: "Failure to comply with this order will result in a recommendation to dismiss the action for failure to state a cognizable claim for relife, failure to comply with a court order and failure to prosecute."  (ECF No. 18.)  In addition, the Court's February 15, 2024, order to show cause specifically stated: "Failure to comply with this order will result in a recommendation to dismiss this action for the reasons stated above." (ECF No. 20.)  Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

**V.**

**ORDER AND RECOMMENDATION**

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days.  Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the January 16, 2024 and February 15, 2024 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to comply with a court orders, failure to prosecute, and failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **March 11, 2024**

_____
UNITED STATES MAGISTRATE JUDGE